UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAY ALBERT EBARDT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 07-CV-0226-CVE-FHM |
| ) | |
| WALTER DINWIDDIE, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). Petitioner is a state inmate and appears *pro se*. Respondent filed a response (Dkt. # 12) to the petition and provided the state court record (Dkt. ## 12, 13, 14) for the Court's use in resolving the claims raised in the petition. Petitioner filed a reply (Dkt. # 21) to the response. For the reasons discussed below, the Court finds the petition for writ of habeas corpus should be denied.

### *BACKGROUND*

At approximately 4 a.m. on September 28, 2003, City of Claremore Police Officer Guy Singer stopped a pickup truck being driven with only one headlight. Upon making contact with the female driver of the vehicle, identified as Terry Johnson, Officer Singer noticed a strong odor associated with manufacturing methamphetamine. He also observed two one-gallon containers of Coleman fuel and found receipts reflecting the purchase of pseudoephedrine in the cab of the pickup truck. In light of those observations, Officer Singer talked to Johnson and obtained written consent to search her residence. Because the residence was located outside the City of Claremore, Officer Singer contacted officials at the Rogers County Sheriff's Office. The law enforcement officers followed Johnson to her residence. As they approached the front door, they could hear someone running out of the back door through the tall grass. Petitioner Ray Albert Ebardt was apprehended

about 1.5 miles away from the residence. He was wet, muddy, and had a tear in his jeans. He admitted that a red ball cap found behind the residence was his and that he had just come from the house being investigated. Officers searched the residence and found an operational methamphetamine lab, baggies containing methamphetamine and marijuana, and drug paraphernalia.

As a result of those events, petitioner Ray Albert Ebardt was charged in Rogers County District Court, Case No. CF-2003-462, with Manufacturing a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of a Felony (Count 1); Possession of a Controlled Dangerous Substance (Methamphetamine), After Former Conviction of a Felony (Count 2); Possession of Marijuana (Count 3); and Possession of Drug Paraphernalia, a misdemeanor (Count 4). At the conclusion of a jury trial, petitioner was found guilty as charged as to Counts 1, 2, and 4, and not guilty as to Count 3. On April 19, 2004, the trial judge sentenced petitioner in accordance with the jury's recommendation to fifty (50) years imprisonment on Count 1, twenty-five (25) years imprisonment on Count 2, and one year in custody on Count 4. The sentences were ordered to be served consecutively. The trial court also ordered revocation of petitioner's sentence entered in Rogers County District Court, Case No. CF-97-393, and ordered petitioner to serve six (6) years in custody, to be served concurrently with the sentence for Count 1 in Case No. CF-2003-462. During trial proceedings, petitioner was represented by attorney Brendan McHugh.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, petitioner, represented by attorney Bill Zuhdi, identified the following six (6) propositions of error in the text[1] of his direct appeal brief:

---

[1] The propositions of error identified in the table of contents of the direct appeal brief do not match exactly the propositions of error identified in the text of the brief.

> Proposition 1: The evidence was insufficient to sustain Ebardt's convictions therefore, Ebardt's convictions violated the due process clause of the 14th Amendment of the U.S. Constitution and the corresponding provisions of the Oklahoma Constitution.
>
> Proposition 2: The trial court erred in overruling trial counsel's objection to the prosecutor's questions that were in violation of Okla. Stat. tit. 12, § 2609, and improper other crimes evidence was placed before the jury.
>
> Proposition 3: The trial court erred in failing to instruct the jury on the elements of possession of paraphernalia.
>
> Proposition 4: Prosecutor misconduct denied Ebardt his right to a fair trial in violation of the Sixth, Eighth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Oklahoma Constitution.
>
> Proposition 5: The revocation order in Case No. CF-97-293 should be found invalid.
>
> Proposition 6: The trial errors complained of herein cumulatively denied Ebardt's right to a fair trial under the United States and Oklahoma Constitutions and therefore, his convictions and sentences must be reversed.

(Dkt. # 12, Ex. 1). On November 29, 2005, in Case Nos. F-2005-996 and RE-2004-485, the OCCA rejected petitioner's claims and affirmed the Judgments and Sentences of the trial court. See Dkt. # 12, Ex. 3. Petitioner did not file a petition for writ of certiorari at the United States Supreme Court.

Petitioner filed an application for post-conviction relief in the state district court. By order filed December 8, 2006, the state district court denied post-conviction relief. Petitioner attempted to perfect a post-conviction appeal in the OCCA. However, by order filed March 20, 2007, in Case No. PC-2007-63, the state appellate court declined jurisdiction and dismissed the appeal, after determining that the appeal was filed outside the thirty-day appellate time period. See Dkt. # 12, Ex. 4 (citing Rule 5.2(C)(2), (5), Rules of the Oklahoma Court of Criminal Appeals).

On April 19, 2007, petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner raises four propositions of error, corresponding to grounds 1, 2, 3, and 6 as raised on direct appeal. (Dkt. # 1). Respondent filed a response (Dkt. # 12) to the petition and asserts that under 28 U.S.C. § 2254(d), petitioner is not entitled to habeas corpus relief.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 12, and the Court agrees that petitioner's claims raised in the petition were presented to the OCCA on direct appeal and are exhausted.

The Court also finds that petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by the OCCA

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated petitioner's claims on direct appeal. Therefore, the claims shall be reviewed pursuant to 28 U.S.C. § 2254(d).

### 1. Insufficient evidence (ground 1)

As his first proposition of error, petitioner claims that the State presented insufficient evidence to establish his guilt beyond a reasonable doubt. On direct appeal, petitioner specifically challenged the sufficiency of the evidence supporting all three of his convictions. Petitioner claims that he had no knowledge that methamphetamine was being manufactured at the residence and that he had not been at the residence very long when the law enforcement officers arrived to search the residence. See Dkt. # 1. The OCCA adjudicated this claim as a part of petitioner's direct appeal, finding that "any rational trier of fact could have found the essential elements of the crime charges [sic] beyond a reasonable doubt." See Dkt. # 12, Ex. 3. The OCCA further explained that:

> Evidence presented at trial indicated that Appellant had a relationship with the occupants of the house; that contrary to his initial claims, he had been to the house on more than one occasion; and that his fingerprints were found on jars used to manufacture methamphetamine and which contained methamphetamine derivatives. There was more than sufficient evidence for the jury to find that Appellant was involved in the manufacturing process.

Id. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law. See Dkt. # 12.

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth

5

Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard of review respects the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the Court must decide whether the OCCA's decision that there was sufficient evidence

6

to support a finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that there was sufficient evidence for a rational trier of fact to find petitioner guilty beyond a reasonable doubt of Manufacturing Methamphetamine, Possession of Methamphetamine, and Possession of Drug Paraphernalia. Under Oklahoma law as applicable to the facts of this case, petitioner could not be convicted of Manufacturing Methamphetamine unless the State proved beyond a reasonable doubt the following elements: (1) knowingly/intentionally, (2) manufacturing, (3) the controlled dangerous substance of methamphetamine. See Okla. Stat. tit. 63, § 2-401; OUJI-CR 2d 6-3. Petitioner could not be convicted of Possession of Methamphetamine unless the State proved beyond a reasonable doubt the following elements: (1) knowing and intentional, (2) possession, (3) of the controlled dangerous substance of methamphetamine. See Okla. Stat. tit. 63, § 2-402; OUJI-CR 2d 6-6. Lastly, petitioner could not be convicted of Possession of Drug Paraphernalia unless the State proved beyond a reasonable doubt the following elements: (1) knowing, (2) possession of drug paraphernalia, (3) to manufacture/produce/pack/store/ingest, (4) the controlled dangerous substance of methamphetamine. See Okla. Stat. tit. 63, § 2-405; OUJI-CR 2d 6-7.

"[P]ossession may be either actual or constructive, and need not be exclusive as long as there is proof that the defendant knowingly and willfully shared the right to control the dangerous substance." White v. State, 900 P.2d 982, 986 (Okla. Crim. App. 1995) (internal quotation marks omitted). "[W]hile proof of [the defendant's] mere proximity [to the contraband] is insufficient to circumstantially show constructive possession, the proof of additional independent factors from which the possession may be fairly inferred may be established by circumstantial evidence and will

7

be sufficient to carry the case to the jury." Gilreath v. State, 627 P.2d 443, 445 (Okla. Crim. App. 1981); see also Hill v. Cody, 5 F.3d 546 (10th Cir. 1993) (unpublished)[2] (discussing and applying Oklahoma law). Evidence presented by the State demonstrated that when law enforcement officials arrived at the scene, petitioner fled the residence by running out of the back door. He was apprehended about 1.5 miles away from the house. He admitted he had been at the house that morning and ran away when the law enforcement officers arrived, but denied any involvement in the manufacturing of methamphetamine. Significantly, however, there were sufficient "independent factors" to support the "knowingly possess" element required for all three of the convictions. At the time of his arrest and after being read his rights under Miranda,[3] petitioner agreed to talk to Investigator James Hester. At trial Hester testified that, after petitioner agreed to talk, he asked petitioner if his fingerprints were going to be on anything within the residence. See Tr. Trans. Vol. III at 538. According to Hester, petitioner answered, "No, I didn't touch nothing." Id. Hester also testified, however, that petitioner's fingerprints were found on two items of glassware containing "meth oil." See id. at 597-603. The glassware was found in the bathroom where the "cooking" process yielding methamphetamine took place. Id. At trial, petitioner attempted to explain the State's damning fingerprint evidence by claiming he touched the glassware while installing an air conditioner ten days before his arrest. See Tr. Trans. Vol. IV at 696-704. As discussed above, however, this Court does not make credibility determinations when reviewing a challenge to the sufficiency of the evidence.

---

[2]Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

[3]Miranda v. Arizona, 384 U.S. 436 (1966).

Upon careful review of the record, the Court concludes that the evidence, when viewed in a light most favorable to the State, was sufficient to allow a rational trier of fact to have found beyond a reasonable doubt that petitioner had knowing and intentional involvement in the manufacture and possession of methamphetamine and possession of drug paraphernalia. Petitioner has failed to demonstrate that the OCCA's resolution of his challenges to the sufficiency of the evidence was contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939. As a result, habeas corpus relief shall be denied on this claim.

### 2. *Introduction of other crimes evidence and prosecutorial misconduct (ground 2)*

As his second proposition of error, petitioner claims that the trial court erred in admitting, over defense counsel's objection, evidence of other crimes in violation of Okla. Stat. tit. 12, § 2609. Petitioner testified in his own defense at trial. On direct examination, petitioner admitted he had a prior conviction, but identified the prior conviction as Assault With a Dangerous Weapon. The prior conviction was actually Assault and Battery With a Dangerous Weapon. As a result of petitioner's inaccurate description of his prior conviction, the prosecutor clarified on cross-examination by eliciting information that petitioner had shot somebody. On direct appeal, petitioner argued that admission of the testimony violated Okla. Stat. tit. 12, § 2609 (Impeachment by Evidence of Conviction of a Crime). The OCCA considered and rejected the claim, finding that "Appellant cannot now claim that he was prejudiced when questioned on cross-examination about a matter he put at issue. Appellant cannot invite error and then complain of its results." See Dkt. # 12, Ex. 3 at 5 (citation omitted).

9

"In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (en banc)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted).

Petitioner's ground two claim challenging the trial court's ruling allowing the prosecutor to question petitioner during cross-examination concerning his prior felony conviction is not cognizable in this habeas corpus proceeding unless he demonstrates that the ruling rendered his trial fundamentally unfair. In ruling on petitioner's objection to the prosecutor's cross-examination, the trial judge heard the prosecutor's argument that his inquiry was not about the conviction itself, but an impeachment of petitioner's characterization of the conviction. Petitioner had testified that he had one prior felony conviction for Assault With a Dangerous Weapon. After the trial judge heard argument at the bench, the prosecutor was allowed to ask, "You shot somebody with a weapon, isn't that correct?" See Tr. Trans. Vol. IV at 714. After the trial judge overruled defense counsel's objection, petitioner answered, "Yes, sir." Id. Upon admission of the Judgment and Sentence from the prior conviction, the prosecutor asked, "[a]s a matter of fact, it was not an Assault, it was an Assault and Batter [sic] with a Dangerous Weapon?" Id. at 715. Petitioner answered "Yes, sir." Id. The prosecutor followed up with "Battery being you shot somebody?" Id. Petitioner again answered

10

"Yes." Id. There were no further questions concerning petitioner's prior conviction. That record confirms that the trial judge's ruling allowing the prosecutor to clarify the nature of the conviction resulted from petitioner's mischaracterization of his prior felony conviction. In addition, the jury received an instruction concerning limitations on their consideration of the prior conviction. See O.R. at 80 (Instruction No. 12). Petitioner has failed to convince the Court that his trial was rendered fundamentally unfair as a result of the trial judge's ruling. He is not entitled to habeas relief on this claim.

Petitioner also argued on direct appeal that he was denied a fair trial due to prosecutorial misconduct. See Dkt. # 12, Ex. 1. He complained that the prosecutor asked improper questions about his prior involvement in criminal matters and his familiarity with manufacturing methamphetamine. Id. On direct appeal, the OCCA rejected this claim, finding that petitioner was not prejudiced by the question concerning his prior involvement in criminal matters since he had already admitted on direct examination that he had a prior felony conviction. See Dkt. # 12, Ex. 3 at 5. The OCCA further determined that the information elicited by the State concerning petitioner's familiarity with the process used to manufacture methamphetamine "was used to contradict Appellant's claim that his only knowledge of methamphetamine came from his daily newspaper reading." Id. at 6.

In his habeas petition, petitioner does not allege that the prosecutor's improper remarks impacted a specific constitutional right, such as the privilege against compulsory self-incrimination. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); see also Patton v. Mullin, 425 F.3d 788, 811 (10th Cir. 2005). Instead, he claims that the prosecutor's improper questions deprived him of a fair trial. Petitioner is entitled to habeas corpus relief only if the prosecution's conduct is so egregious

11

in the context of the entire trial that it renders the trial fundamentally unfair. <u>Donnelly</u>, 416 U.S. at 642-648; <u>Cummings v. Evans</u>, 161 F.3d 610, 618 (10th Cir. 1998). "[I]nappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." <u>United States v. Young</u>, 470 U.S. 1, 11 (1985). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. <u>Donnelly</u>, 416 U.S. at 643. "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." <u>Fero v. Kerby</u>, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); <u>see</u> <u>also</u> <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

Petitioner is not entitled to habeas corpus relief on this claim because he has failed to demonstrate that the OCCA's refusal to reverse his convictions was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. Having reviewed the trial transcripts, the Court finds that none of the prosecutor's questions or comments could have plausibly tipped the scales in favor of the prosecution. Additionally, the Court finds that there is not a reasonable probability that the jury's finding of guilt would have been different without the complained of questions. <u>See</u> <u>Smallwood</u>, 191 F.3d at 1276. Petitioner is not entitled to habeas corpus relief based on his claims of prosecutorial misconduct. 28 U.S.C. § 2254(d).

### 3. *Erroneous jury instruction (ground 3)*

As his third proposition of error, petitioner claims that the trial court erred in giving the jury an instruction that did not contain all of the elements of Possession of Paraphernalia. <u>See</u> O.R. at 77 (Instruction No. 9). On direct appeal, the OCCA stated that "[b]oth parties agree that the instruction

12

given . . . was erroneous."[4]  See Dkt. # 12, Ex. 3 at 7.  As there was no objection at trial, however, the OCCA reviewed for plain error and found as follows:

> In reviewing Appellant's claim, he is required not only to show that there was error, but that there was some prejudice or injury which resulted from the error. Appellant's claim of injury simply states that the injury in this case is "apparent." The jury instructions given in this case, when taken as a whole, clearly defined the necessary requirements for the jury to find Appellant guilty of the offense of Possession of Drug Paraphernalia. Specifically Instruction No. 10 clearly defined "knowing," "possession" and "manufacturing." Additionally, a review of the facts in this case reveals that the State's case centered around the voluminous amount of methamphetamine drug paraphernalia, and showed Appellant's involvement in the methamphetamine production process by proving that his fingerprints were on several items of the drug paraphernalia in the Johnson house. There is no indication that after such in-depth discussion of the methamphetamine production process, including the materials, equipment, chemicals and devices used in the manufacturing process, that the jury was in the least confused about what constituted methamphetamine paraphernalia in this case. We find no fundamental error which would require reversal.

(Dkt. # 12, Ex. 3 at 7-8 (citation omitted)).

"A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law." Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (citation omitted). When an allegedly erroneous jury instruction is given, this Court examines only "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Stated another way, "'[h]abeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.'" Shafer v.

---

[4] The instruction given to petitioner's jury, see O.R. at 77 (Instruction No. 9), did not include an element describing the use of the drug paraphernalia, as set forth in OUJI-CR 2d 6-7.

Stratton, 906 F.2d 506, 508 (10th Cir. 1990) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979)).

The Tenth Circuit Court of Appeals has found "no practical distinction" between the formulation of plain error used by the OCCA and the federal due process test, requiring reversal when an error "so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting Estelle, 502 U.S. at 75). Because the OCCA applied the same test required for a due process determination, this Court defers to its ruling unless it "unreasonably appli[ed]" that test. Id. (citing 28 U.S.C. § 2254(d)).

Upon review of the record in this case, the Court finds that the OCCA did not unreasonably apply the due process test. The erroneous jury instruction did not result in fundamental error. Upon review of the instructions as a whole, see Middleton v. McNeil, 541 U.S. 433, 437 (2004) (stating that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge"), the Court finds the jury was not misled and received adequate instruction concerning the crime of Unlawful Possession of Paraphernalia. Therefore, petitioner's trial was not rendered fundamentally unfair by the erroneous instruction. The OCCA's affirmance of petitioner's conviction and sentence did not violate clearly established federal law. Petitioner is not entitled to habeas corpus relief on this claim. 28 U.S.C. § 2254(d).

### 4. *Cumulative error (ground 4)*

As his fourth proposition of error, petitioner alleges that the cumulative effect of trial errors deprived him of a fair trial. See Dkt. # 1. The OCCA rejected this claim, stating that "[w]e have found no error in Appellant's case requiring reversal of his convictions, therefore his claim of cumulative error must fail." See Dkt. # 12, Ex. 3. However, the rationale reflected by the OCCA's

ruling, "taken on its face, would render the cumulative error inquiry meaningless, since it indicates that cumulative error may be predicated only upon individual error already requiring reversal." See Darks v. Mullin, 327 F.3d 1001, 1018 (10th Cir. 2003) (quoting Willingham v. Mullin, 296 F.3d 917, 935 (10th Cir. 2002)). Because the OCCA used an incorrect standard, this Court shall review petitioner's cumulative error claim de novo, applying the controlling federal standards. See id.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that individually might be harmless [and therefore insufficient to require reversal], and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000) (quotation omitted). Cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found only one harmless error in this case, that being the erroneous jury instruction on Possession of Drug Paraphernalia, the Court finds no basis for a cumulative error analysis. Therefore, petitioner is not entitled to habeas corpus relief on this ground.

## *CONCLUSION*

After carefully reviewing the record, the Court concludes petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2. A separate Judgment shall be entered in this case.

**DATED** this 15th day of September, 2010.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE